**THE CAVANAGH LAW FIRM**
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Scott A. Salmon, SBN 006443
ssalmon@cavanaghlaw.com
Richard W. Mear, SBN 024739
rmear@cavanaghlaw.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRADLEY D. RAY, | NO. _____ |
| Plaintiff, | **PETITION FOR REMOVAL** |
| v. | |
| LM GENERAL INSURANCE COMPANY, a Massachusetts corporation;[1] JOHN DOES I-V; JANE DOES I-V; ABC CORPORATIONS I-V; XYZ PARTNERSHIPS I-V; Inclusive, | |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant LM General Insurance Company, incorrectly identified as both Liberty Mutual Insurance Group and Liberty

---

[1] Defendant is erroneously identified as Liberty Mutual Insurance Group, a Massachusetts corporation, and Liberty Mutual Insurance Company, a Massachusetts corporation. Indeed, "Liberty Mutual Insurance Group" is not a corporation. The only proper defendant in this matter is LM General Insurance Company, a Massachusetts corporation. Accordingly, Defendants have corrected the caption and requests that this caption be used in all future documents filed with the Court.

8404336_1

Mutual Insurance Company in the Complaint ("Defendants" or "Liberty"), by and through counsel undersigned, respectfully files this Petition for Removal and Notice of Removal Pima County Superior Court Case No. C20173644, from the Superior Court of the State of Arizona, Pima County, to the United States District Court for the District of Arizona, and in support thereof says as follows:

1. A civil action seeking to recover money damages has been commenced by Plaintiff and is now pending in the Pima County Superior Court in and for the State of Arizona, captioned *Bradley D. Ray v. Liberty Mutual Insurance Group et al.*, Pima County Superior Court Case No. 20173644 ("the State Action").

2. Plaintiff's Complaint was filed on 07/31/2017. A true and correct copy of the Complaint filed by Plaintiff in the State Action is attached hereto as Exhibit "A" and incorporated herein by reference. In the Complaint, Plaintiff seeks special and general damages related to Plaintiff's single vehicle motorcycle accident wherein he allegedly "suffered severe injuries, including, but not limited to, back strain and abrasions." See Ex. A at ¶ 8. Plaintiff also seeks punitive damages, costs, and attorney's fees. Id. at p. 5.

3. Regarding Defendant Liberty Mutual Insurance Company, the Complaint was served upon the Arizona Department of Insurance on 08/01/2017. See Affidavit of Service, which is attached hereto as Exhibit "B." The Notice of Service of Process indicated that the Complaint was also served upon the Corporate Service Company on 08/04/2017, and is attached hereto as Exhibit "C." A true and correct copy of the Summons is attached hereto as Exhibit "D." A true and correct copy of the Certificate of Compulsory Arbitration is attached hereto as Exhibit "E."

4. Regarding Defendants Liberty Mutual Group, Inc., the Affidavit of Service and the Notice of Service of Process indicated that the Complaint was served upon the Corporate Service Company on 08/01/2017. See Affidavit of Service and Notice of Service attached hereto as Exhibits "F" and "G," respectively. A true and correct copy of the

Summons is attached hereto as Exhibit "H." A true and correct copy of the Certificate of Compulsory Arbitration is attached hereto as Exhibit "I."

5. To date, Defendants are not aware of any other pleadings filed in the State Action.

6. Pursuant to L.R. 3.6(b), Defendants certify that Exhibits A through I are true and correct copies of all documents filed in the State Action.

7. Upon information and belief, Plaintiff, at all material times in this lawsuit, owned real property in the State of Arizona. *See* Exhibit A at ¶ 2.

8. The initially named defendants are corporations organized under the laws of the state of New Hampshire with its principal place of business located in Boston, Massachusetts.

9. The correct defendant as reflected in the caption is LM General Insurance Company, which was organized under the laws of the state of Illinois with its principal place of business located in Massachusetts.

10. In this action, Plaintiff seeks to recover monetary damages they claim are due and owing pursuant to the uninsured motorist coverage allegedly available under an auto insurance policy issued by Defendants, and as a result of Defendants' alleged breach of the insurance contract and of an alleged breach of the duty of good faith and fair dealing. See Exhibit B at ¶¶ 19 - 28. According to the Complaint, Plaintiff sustained personal injury as a result of a "motorcycle wreck with a phantom vehicle" who allegedly cut him off and "caused Plaintiff to take evasive action and crash." Id. at ¶ 7.

11. Following the single vehicle wreck, Defendants investigated the claim. Defendants obtained a police report, took Plaintiff's recorded statement, retained an accident reconstructionist, and made a coverage determination. In response, Plaintiff requested arbitration, which was denied.

12. According to Plaintiff, Defendants failed to perform its obligations pursuant

to the policy; failed to conduct an adequate investigation; failed to give equal consideration to Plaintiff's claims, failed to arbitrate the claim, failed to reasonably inform Plaintiff of all his rights and obligations under the policy, etc. Id. at ¶¶ 11 – 15.

13. Plaintiff seeks a judgment from the Court for the <u>full amount of uninsured motorist benefits</u> (presumably $100,000.00); for judgment on Plaintiff's claims for breach of contract and bad faith; for special and general damages; for punitive damages; and for costs incurred. Id. at p. 5.

14. Plaintiff also seeks attorney's fees, which can be considered in satisfying the jurisdictional limit for the case. Id., see also *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575 (D. Ariz. 2003) (holding that a claim for attorney's fees and costs can be considered in determining whether the jurisdictional minimum has been satisfied).

15. Plaintiff is also seeking punitive or exemplary damages. Id.

16. Plaintiff's counsel certified that the case is not subject to compulsory arbitration, meaning that he views the case as having a value in excess of $50,000.00. See *Ansley*, 215 F.R.D. at 578. (holding that a Certificate Regarding Compulsory Arbitration is a concession of the claimed value of a case for purposes of determining whether the jurisdictional minimum has been satisfied); see also Exhibits E and I.

17. Plaintiff's counsel was also asked to stipulate that the damages Plaintiff is seeking are $75,000.00 or less, and Plaintiff's counsel refused to so stipulate. See 08/22/2017 email exchange which is attached hereto as Exhibit "J."

18. <u>Plaintiff's counsel is also willing to stipulate to removal of this matter</u>.

19. Based on the foregoing, Plaintiff's claimed compensatory damages, punitive damages, and attorneys' fees and costs will unquestionably exceed $75,000.00, the minimum amount for jurisdiction in this Court.

20. Accordingly, this civil action, over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, may be removed to this Court by Defendant

4

pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

21. There are no other named defendants in this matter so no additional consent is necessary. *See* 28 U.S.C. § 1446(b)(2)(A).

22. This Petition for Removal and Notice of Removal is filed within the appropriate time allowed by the rules of this Court. *See* 28 U.S.C. § 1446(b)(1) and (b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

23. Pursuant to LRCiv 3.6(a), a copy of the Notice of Removal has been filed with the Clerk of the Superior Court of the State of Arizona, Maricopa County.

24. Pursuant to LRCiv 3.6(d), Defendant requests a jury trial, and has indicated the same on the Civil Cover Sheet.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the aforesaid action pending in the Superior Court of Maricopa County, State of Arizona, be removed from that Court to the United States District Court in and for the District of Arizona for trial and determination of all issues, subject to motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.

DATED this 30th day of August, 2017

THE CAVANAGH LAW FIRM, P.A.

By: /s/Richard W. Mear
Scott A. Salmon
Richard W. Mear
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and electronic copy to the following party:

Matthew D. Karnas
KARNAS LAW FIRM, P.C.
4810 E. Broadway Blvd.
Tucson, AZ 85711
Attorneys for Plaintiff

   /s/DAF